IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| CENTRAL LABORERS' PENSION FUND, *et al.*, | ) ) ) | |
| Plaintiffs, | ) ) | CIVIL ACTION |
| vs. | ) ) | NO. 15 C 0012 |
| WEAVER CONSTRUCTION, INC., an Illinois corporation, | ) ) ) | JUDGE JOHN Z. LEE |
| Defendant. | ) ) ) | |

**PLAINTIFFS' MOTION TO REOPEN CASE
AND ENTER JUDGMENT AGAINST DEFENDANT**

NOW COME Plaintiffs, CENTRAL LABORERS PENSION FUND, *et al.*, by their attorneys, and move the Court for the entry of an order reopening this action and for entry of judgment against Defendant. In support of the Motion, Plaintiffs state as follows:

1.     This action was originally brought by the Plaintiffs, the Trustees of the jointly-administered, labor-management employee benefit plans collectively known as the Central Laborers Fringe Benefit Funds, alleging, *inter alia*, that Defendant breached its obligations under the terms of the collective bargaining agreement entered into with Laborers Local Union No. 32 and the Agreements and Declarations of Trust under which the Plaintiff Funds are maintained. Specifically, Plaintiffs allege that Defendant failed to submit contribution reports and remit payment of fringe benefit contributions due thereon for work performed on its behalf by beneficiaries of the Plaintiff Funds. The Complaint was brought pursuant to the Employee Retirement Income Security Act of 1974, as amended, 29 U.S.C. §§1132, 1145.

2.      On December 17, 2015, this action was dismissed without prejudice and with leave to reinstate within 12 months (by December 17, 2016) (a copy of the Notification of Docket Entry entered on December 17, 2015 [No. 20] is attached hereto as Exhibit 1).

3.      On February 5, 2016, a Judgment Note incorporating the terms for settlement agreed to by the parties was executed on behalf of Weaver Construction, Inc. and by Todd Weaver, individually (a copy of the Judgment Note is attached hereto as Exhibit 2).

4.      On December 8, 2016, Plaintiffs filed a Motion to Reopen Case, which was set for hearing on December 15, 2016.

5.      On December 15, 2016, this Court denied Plaintiffs' motion and allowed the parties until February 15, 2017 to reopen the case (a copy of the Notification of Docket Entry entered on December 15, 2016 [No. 23] is attached hereto as Exhibit 3).

6.      Pursuant to the terms of the Judgment Note, the total amount of $48,382.80, plus $3,587.76 in interest, was to be paid in 18 monthly installments of $2,920.00 each, due on the 30th day of each month beginning December 30, 2015 with the 18th (final) payment of $2,330.56 due on May 30, 2017.

7.      To date, Defendant has submitted 12 monthly installments of $2,920.00 each, for a total of $35,040.00. Defendant is delinquent in the submission of its monthly installment payments of $2,920.00 each due on December 30, 2016 and January 30, 2017.  Accordingly, there remains $16,930.56 due and owing on the Judgment Note.

8.      Defendant is delinquent in the payment of monthly fringe benefit contributions due for the contribution months of June 2015 through January 2016 in the amount of $31,024.14.  After

application of partial payments totaling $20,258.85, Defendant owes $10,765.29 for the stated time period.

9.      Due to Defendant's failure to timely remit payment of fringe benefit contributions due for the contribution months of July 2015, August 2015, March 2016 through May 2016 and July 2016 through November 2016, liquidated damages in the amount of ten (10%) percent of the contributions due and owing have been assessed against Defendant in the total amount of $4,388.64 for the stated time period.

10.     Defendant submitted monthly fringe benefit contribution reports for the contribution months of October 2015 through January 2016, but shorted the total contributions due and owing in the total amount of $6,624.16.

11.     For all the reasons stated, the Plaintiffs hereby move the Court for the entry of an Order reinstating this action for the limited purpose of enforcing the terms of the Stipulation to Dismiss and entering judgment against the Defendant.  Specifically, Plaintiffs request:

A.      That judgment be entered in favor of Plaintiffs and against Defendant to include the amount of $38,708.65, being the total amount remaining due for contributions, liquidated damages, interest and attorneys' fees for the time period through January 2016.

B.      That judgment be entered in favor of Plaintiffs and against Defendant to include an additional $3,437.50 in attorneys' fees not included in the Judgment Note plus the amounts incurred by the Plaintiffs in the preparation and presentment of their Motion to Reopen.

C.      That Plaintiffs have such further relief as may be deemed just and equitable by the Court.


                                                    /s/   Cecilia M. Scanlon

Cecilia M. Scanlon
Attorney for Plaintiffs
BAUM SIGMAN AUERBACH & NEUMAN, LTD.
200 West Adams Street, Suite 2200
Chicago, IL  60606-5231
Bar No.: 6288574
Telephone:  (312) 216-2577
Facsimile: (312) 236-0241
E-Mail: cscanlon@baumsigman.com

I:\CLJ\Weaver\#25727\motion-reopen & judgment.cms.df.wpd

## CERTIFICATE OF SERVICE

The undersigned, an attorney of record, hereby certifies that she electronically filed the foregoing document (Motion to Reopen Case and Enter Judgment Against Defendant) with the Clerk of Court using the CM/ECF system, and further certifies that I have mailed the above-referenced document by United States Mail to the following non-CM/ECF participant on or before the hour of 5:00 p.m., this 3rd day of February 2017:

Mr. Todd Weaver, Registered Agent/President
Weaver Construction, Inc.
1853 Dovetail Point
Sycamore, IL   60178

/s/   Cecilia M. Scanlon

Cecilia M. Scanlon
Attorney for Plaintiffs
BAUM SIGMAN AUERBACH & NEUMAN, LTD.
200 West Adams Street, Suite 2200
Chicago, IL  60606-5231
Bar No.: 6288574
Telephone: (312) 216-2577
Facsimile: (312) 236-0241
E-Mail: cscanlon@baumsigman.com

I:\CLJ\Weaver\#25727\motion-reopen & judgment.cms.df.wpd